*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TMK.

PAMELA HARRIS KAISER,

        Petitioner-Appellee,

v

TMK,

        Respondent-Appellant.

UNPUBLISHED
June 25, 2026
1:50 PM

No. 376931
Grand Traverse Probate Court
LC No. 14-033163-MI

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order requiring him to undergo mental health treatment. He argues that he was deprived of effective assistance of counsel during the lower court proceedings. For the reasons set forth in this opinion, we dismiss this appeal as moot.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent's appeal stems from a petition for involuntary mental health treatment filed by petitioner, respondent's mother. She petitioned in the probate court after respondent was arrested for allegedly assaulting his father at the family home. The court has been involved with respondent in the past as he was hospitalized and ordered to receive mental health treatment following a petition filed in 2017. In the most recent amended petition, it was alleged that respondent has a history of "severe psychiatric illness," including past diagnoses of psychosis and general anxiety disorder, as well as others. It was also alleged that respondent's mental condition was deteriorating in the days before his arrest. Notably, neither the original petition nor the amended petition in this case was filed with a clinical certificate.

As such, the trial court ordered an examination with a psychiatrist for respondent on July 8, 2025. Dr. Thomas Harding, M.D., a psychiatrist, evaluated respondent at Munson Medical Center on July 10, 2025. He subsequently filed a notice indicating that a clinical certificate was not warranted for respondent because he did not meet the criteria for involuntary hospital admission.

The trial court denied a request from petitioner for another examination on July 17, 2025, and the case was briefly closed. On July 18, 2025, the case was reopened, and the court entered another order to have respondent evaluated. Dr. Stephen Hobson, M.D., a physician at Munson Medical Center, evaluated respondent on Saturday, July 19, 2025, at 1:05 p.m. He signed the certificate at 8:38 p.m. Dr. Hobson determined that respondent was a person requiring treatment under the Michigan Mental Health Code, MCL 330.1001 *et seq*., and required hospitalization pending a future hearing on the petition. Dr. Hobson believed that respondent had a mental illness; specifically, he believed respondent had "psychosis."

But respondent did not remain at Munson Medical Center in Traverse City. Respondent was hospitalized at the HealthSource hospital in Saginaw on Monday, July 21, 2025, at 1:30 p.m. Dr. Usha Movva, M.D., a psychiatrist, examined respondent at HealthSource Saginaw starting at 8:30 a.m. on Tuesday, July 22, 2025. Dr. Movva's assessment indicated that respondent was a person requiring treatment under the Mental Health Code because he was "[b]ipolar" and "[d]epressed." She concluded that respondent was at risk of harming himself or others and that his judgment was impaired by mental illness. The clinical certificate that Dr. Movva signed indicated that the evaluation was completed at 9:00 a.m. A third certificate was submitted by Dr. Nathalie Menendes, Ph.D., a licensed psychologist, which echoed Dr. Hobson's and Dr. Movva's findings regarding the risks that respondent posed to himself and others.

On July 22, 2025, the State Court Administrative Office assigned the case to Saginaw County Probate Court Judge Patrick J. McGraw for a hearing on the amended petition. Respondent's first appointed counsel filed a request to defer the hearing under MCL 330.1455(6) on July 24, 2025. The hearing, which was originally scheduled for July 30, 2025, was delayed. However, on July 28, 2025, a hospital team member from HealthSource Saginaw filed a demand for hearing on the petition because respondent was not complying with his treatment program. On July 30, 2025, the trial court appointed new counsel for respondent.

The trial court in Saginaw County held a hearing on the petition for involuntary hospitalization. Dr. Menendes testified that she was a licensed clinical psychiatrist, and the trial court qualified her as an expert in the field of psychology. Dr. Menendes testified that respondent had several diagnoses that qualified him as "mentally ill" under the Mental Health Code because his diagnoses included unspecified anxiety disorder and unspecified psychotic disorder. Dr. Menendes testified that respondent could place himself and others in harm's way unintentionally because of his mental illness. She also testified that respondent could attend to his basic physical needs if he was stable, but also that he would have "some problems in [that] area" if he was left untreated. Dr. Menendes stated that respondent had been refusing some medications at the beginning of his hospitalizations. Respondent testified that he was refusing to take an antipsychotic medication given to him by hospital staff.

The trial court found through clear and convincing evidence that respondent was a person requiring treatment under the Mental Health Code and that no alternative existed besides hospitalization. The court entered an order requiring respondent to undergo a program of combined hospitalization and assisted outpatient treatment for up to 180 days. The trial court ordered further that respondent could be hospitalized for 60 days of the 180-day assisted outpatient treatment program. Following the issuance of this order, the present appeal ensued.

## II. ANALYSIS

Respondent does not appeal the substantive details of the order related to his involuntary commitment and participation in outpatient treatment. Rather, respondent raises multiple arguments to support his claim that he received ineffective assistance of counsel during the lower court proceedings. Specifically, respondent contends his trial attorney was ineffective for: (1) failing to object that he was not and was never a "person who was found not guilty by reason of insanity in this county (NGRI)"; (2) neglecting to challenge respondent's hospitalization without a psychiatric examination for longer than 24 hours without being released as required under MCL 330.1430; (3) disregarding respondent's deferral request as to the underlying hearing; and (4) opting not to request contradictory medical records from his psychiatric evaluation at Munson Medical Center. Respondent's appeal is moot.

Mootness is a threshold matter that courts must address before examining substantive issues. *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). "A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019) (quotation marks and citation omitted). "Stated differently, a case is rendered moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights." *In re Detmer/Beaudry*, 321 Mich App 49, 56; 910 NW2d 318 (2017) (quotation marks and citation omitted). There are two primary exceptions to the mootness doctrine. First, if a court's judgment ordering involuntary mental health treatment "may have collateral legal consequences for a [party], the issue is not necessarily moot." *Id.* (alteration in original; quotation marks and citation omitted). But "[w]hen no such collateral legal consequences exist, and there is no possible relief that a court could provide, the case is moot and should ordinarily be dismissed without reaching the underlying merits." *Id.* Second, "[w]hen a case presents an issue of public significance, and disputes involving the issue are likely to recur, yet evade judicial review, courts have held that it is appropriate to reach the merits of the issue even when the case is otherwise moot." *Id.*

More than 180 days have passed since the contested order was entered on August 6, 2025, such that the order has expired. Respondent points to no collateral legal consequences that may warrant judicial review of the subject order. But see *Tchakarova*, 328 Mich App at 179 (holding there were collateral legal consequences flowing from the involuntary commitment order because of the respondent's ineligibility to possess a firearm). Respondent further does not contend that any issues in this matter are of public significance and likely to recur while escaping judicial review. But see *id.* at 180 ("The order was for a maximum treatment period of 90 days, with up to 60 days in the hospital. Given this short time frame, the issue is likely to recur, yet evade judicial review."). Under the circumstances, the instant matter presents only abstract questions of law without any practical legal effect on an existing controversy. Because there is no relief that we can grant in this matter, we dismiss the case as moot.

Dismissed.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado